IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. ANTHONY MICHAEL HALLADAY, Defendant. | CR-10-152-BLG-DWM-CSO-1 **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
|---|---|

## I. Synopsis of Recommendations

A petition alleged that Defendant Anthony Michael Halladay ("Halladay") violated his conditions of supervised release by failing to report for scheduled urinalysis testing, failing to notify his probation officer of a change in residence or employment, and failing to report for scheduled substance abuse treatment. He admitted the violations. Halladay's supervised release should be revoked, and he should be sentenced to 12 months and one day imprisonment followed by 108 months of supervised release.

1

## II. Status

On May 10, 2011, Halladay pled guilty to Failure to Register as a Sexual Offender. *ECF 1, 18*. On October 14, 2011, the Court sentenced Halladay to 28 months incarceration with 10 years of supervised release to follow. *ECF 24*. Halladay began his supervised release on December 26, 2012. *ECF 26*.

## **Petition**

On February 12, 2013, the United States Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Halladay. *ECF 26*. The petition alleged that Halladay violated: (1) Special Condition Number 1 by failing to report for scheduled urinalysis testing, (2) Standard Condition Number 6 by failing to notify his probation officer of a change in residence or employment, and (3) Special Condition Number 2 by failing to report for scheduled substance abuse treatment. *Id*. Based on the petition, Judge Cebull issued a warrant for Halladay' arrest. *ECF 27*. The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for

Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7.*

**<u>Initial Appearance</u>**

Halladay was arrested on August 29, 2013 and made an initial appearance before the undersigned that same day in Billings, Montana.

**<u>Revocation Hearing</u>**

On September 12, 2013, the undersigned conducted a hearing on whether Halladay' supervised release should be revoked. Mark Werner, Federal Defenders of Montana, represented Halladay. Assistant U.S. Attorney Brendan McCarthy represented the United States. The undersigned explained the Findings and Recommendations procedure to Halladay, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right.

In addition, Halladay, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Halladay admitted each of the violations alleged in the petition. The undersigned accepted his admission, determined that his supervised release should be revoked or modified, and proceeded to consider sentencing recommendations. The undersigned calculated that Halladay's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6 to 12 months incarceration. Halladay could be sentenced to a term of not less than 60 months to life supervised release, less any incarceration time imposed. Mr. McCarthy and Mr. Werner agreed with those calculations.

Mr. McCarthy requested a sentence of 12 months incarceration with 108 months supervised release to follow.

Mr. Werner requested a sentence on the low end of the guideline range. Mr. Werner argued that Halladay's primary issue in his life is substance abuse, including use of methamphetamine. In this regard, Mr. Werner argued, Halladay has been doing alright. But Mr. Werner

4

acknowledged Halladay's violations, and argued for a term of supervised release following incarceration so that Halladay can address his substance abuse issues.

Mr. Werner also requested that, if the Court were considering a sentence on the high end of the guideline range, the Court specifically recommend a term of incarceration of 12 months and one day, so that Halladay could be entitled to a good time reduction of his sentence. Mr. Werner also requested the Court to recommend that Halladay be placed at the FCI facility in Englewood, Colorado, due to its larger population of inmates convicted of sex crimes.

Halladay briefly addressed the Court. He acknowledged that he was wrong for not reporting, and agreed that he needs to be punished. He stated that in his opinion 12 months incarceration was extreme, but left the specific sentence to the Court's discretion.

### III. Analysis

Based on Halladay's admitted violations of his conditions of supervised release, his supervised release should be revoked. By absconding and failing to remain in contact with his supervising officer

for approximately seven (7) months, Halladay has not only breached the Court's trust, but also rendered impossible his supervising officer's ability to ensure that Halladay is not a danger to himself or to the community.  A sentence on the high end of the guideline range is appropriate.  But the Court will grant Mr. Werner's request and recommend that Halladay be sentenced to 12 months and one day incarceration, and that he be placed at FCI Englewood.

Halladay should be sentenced to 12 months and one day incarceration, with 108 months of supervised release to follow.  No circumstances warrant a departure from the guideline range.

### III.  Conclusion

The undersigned advised Halladay that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy.  The undersigned instructed Halladay that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. Halladay violated Special Condition Number 1 by failing to report for scheduled urinalysis testing.

2. Halladay violated Standard Condition Number 6 by failing to notify his probation officer of a change in residence or employment.

3. Halladay violated Special Condition Number 2 by failing to report for scheduled substance abuse treatment

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Halladay's supervised release and sentence Halladay in accordance with the attached Judgment, committing him to the custody of the United States Bureau of Prisons for a term of imprisonment of 12 months and one day, followed by a 108-month term of supervised release.

**2.** The District Court should request that Halladay be placed by the United States Bureau of Prisons at FCI Englewood.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge

will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 12th day of September, 2013.

　　　　　　　　　　　　　　　　　　 /s/ Carolyn S. Ostby　　　　
　　　　　　　　　　　　　　　　　United States Magistrate Judge